Law Office of Howard A. Gutman
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598-1980
Attorney ID.  014971982
Attorney for Plaintiffs

_____

| | |
|---|---|
| Patricia Molnar, Jan Wallace, Jerry Rubin, Barry Brown, Stephanie Wysocki, Carla Toledo, Joseph Turner, individually and on behalf of the class, | United States District Court District of New Jersey Civil Action No.: 3:22-cv-01471 |
| Plaintiffs, | |
| v. | |
| LVNV Funding, LLC | AMENDED CLASS ACTION COMPLAINT (2) |
| Defendant, | |

_____.

Plaintiff, by and through his attorney, by way of complaint says:

**Preliminary Statement and Venue**

Plaintiffs brings this action on behalf of themselves and a class, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA) and other applicable law.

This matter arises under a statute which provides for jurisdiction. Defendant contacted a person it knew or had reason to know resided in New Jersey and as such, became subject to New Jersey jurisdiction.

**Common Allegations**

1. A. Plaintiff Patricia Molnar resides at 383 Mt. Airy-Harbourton Road, Lambertville, NJ 08530.   She was a defendant in a claim filed by LVNV in Superior Court of New Jersey.


   B. Jan Wallace resides at 10 Tempestra Lane, West Caldwell, New Jersey and she received a complaint filed by LVNV in Superior Court, Essex County.

   C. Jerry Rubin resides 48 River Road, Chatham, NJ 07928 and he received a complaint filed by LVNV in Superior Court, Essex County.

   D.  Barry Brown resides at 21 Brookside, Randolph, NJ 07869 received a complaint filed by LVNV in Superior Court, Morris County.

   E.   Carla Toledo resides at 31 Villanova Dr Jackson, New Jersey and received a complaint filed by LVNV in Superior Court, Monmouth County.

   F. Stephanie Wysocki resides at 35 Plymouth Road, Clark, New Jersey and received a complaint filed by LVNV in Superior Court, Union County.

   G.  Joseph Turner resides at 85 Williams Avenue, Jersey City, New Jersey.


2. Defendant LVNV is a Delaware limited liability company in the business of consumer debt collection. It has an address of 1703 Laurel Street, Columbia, SC 29223.

3. LVNV purchases alleged debts from banks, finance companies, and other entities, at a fraction of their stated value.

4. It is engaged in the business or practice of debt collection including debts incurred by consumers and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

5. The debts it purchases include those from Synchrony Bank, Citibank and other lenders.  It is expected that there will be different subclasses for recovery.

6. According to pleadings filed by or on behalf of Defendant LVNV, Plaintiff and members of the class incurred an alleged debt for the purchase of
goods and services, originally on a Citibank, Credit One, Synchrony or other consumer credit account which provided for arbitration by the American Arbitration Association.

7. The alleged debt arose from purchases intended and used for personal purposes, and is thus a "debt" as that term is defined at § 1692a (5) of the FDCPA.

**Count One (Lack of Standing or Valid Assignment)**

 1. Plaintiffs repeat the allegations contained above.

 2. The FDCPA prohibits the use of false or deceptive means to collect a debt.

 3. In various pleadings, LVNV stated that it had received an assignment of accounts

[2]

from multiple credit card issuers including Credit One, Citibank and others.

Pleadings would typically state the following (with minor variation).

> Plaintiff, LVNV FUNDING LLC, is the successor in interest and owner of a debt incurred by the use of a Citibank account. The last four numbers of the account are xxxx.
> 2. Plaintiff alleges that the Defendant, whose social security number ends in 567, is the person who incurred the debt by using the aforesaid account.
> 3. The debt has not been paid by Defendant and as such is in default.
> 4. The debt was assigned from the original creditor Citibank. The chain of title includes: RESURGENT ACQUISITIONS LLC, LVNV FUNDING LLC.
> 5. Plaintiff is seeking from the Defendant, on the debt, the sum of

4. In pleadings and other submissions, LVNV alleges that it has been assigned the account and succeeds to the rights and obligations of the original creditor.

5. The Cardholder Agreement in these claims include an arbitration clause and class action waiver.

Most credit card issuers have cardholder agreements which provide for arbitration if the consumer requests same.   In AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011) the Supreme Court held that a class action waiver was valid when combined with an arbitration clause allowing the consumer to proceed with arbitration.  The Court noted various benefits to consumers with arbitration including lessened cost, ease of proceeding, and speed.  Subsequent courts and others have noted similar benefits of the arbitral mechanism for consumers facing or asserting claims.

6. LVNV has obtained and filed claims assigned or purchased from Citibank.  The arbitration clause in the Citibank cardholder agreement provides the party "filing an arbitration may select the American Arbitration Association to handle the dispute.  It states, You may obtain copies of the current rules for initiating an arbitration by contacting the American Arbitration Association 800-778-7879 (toll-free), Website: www.adr.org."

7. LVNV has also obtained and filed claims assigned or purchased from Credit One Bank.  The arbitration clause in the Credit One cardholder agreement provides:

The arbitration shall be administered by the American Arbitration provision. Information about the arbitration process for AAA can be obtained from the AAA at www.adr.org. The arbitrator shall be selected from the AAA.

8. LVNV has filed thousands of claims where the underlying agreement provided for AAA arbitration.

*LVNV use of the Arbitration Clause to Prevent Class Actions*

9. In multiple matters, LVNV has moved to dismiss class actions and other claims on the grounds that the matters were subject to an arbitration clause in the underlying cardholder agreement. This occurred in Holland v. LVNV Funding, LLC, 2016 U.S. Dist. LEXIS 146112 (application for arbitration granted).

10. In Valentin v. LVNV Funding, Case: 1:20-cv-01161 (N.D. Ill. 2020), the Court granted LVNV's motion to compel arbitration:

"Defendants argue that the suit must be submitted to arbitration because the Card Agreement contains an arbitration provision requiring that all disputes regarding the collection of a debt related to the Account be submitted to arbitration…the Court grants the Defendants' motion to compel arbitration (Dkt. # 17). Valentine is ordered to submit his claims to arbitration on an individual basis in accordance with the arbitration provision of the Card Agreement."

11. In the matter, LVNV submitted a brief which stated,

"Plaintiff, however, cannot maintain litigation in this forum because the subject account agreement governing Plaintiff's Credit One Bank credit card account ending in "6945" ("Account") contains an arbitration provision ("Arbitration Provision") that compels Plaintiff to arbitrate any claims related to his Account."
LVNV Brief in Support of Motion to Compel Arbitration. Case: 1:20-cv-01161 Document 18 Filed, 06/23/20

As noted above, the Credit One arbitration clause provides for handling by the AAA.

12. LVNV's brief cited other matters where LVNV was successful in dismissing claims based upon its arbitration clause:

Holland v. LVNV Funding, LLC, Case No. 5:16-cv-00069, 2016 U.S. Dist. LEXIS 146112 (W.D. Ky Oct. 21, 2016) Coleman v. LVNV Funding
LLC, Case No. 15 C 11338, 2016 U.S. Dist. LEXIS 83544, *5 (N.D.Ill. June 28, 2016)(compelling arbitration on behalf of LVNV and law firm retained on its behalf).

13. In another matter, LVNV stated,

"the Credit Account Agreement containing a valid and enforceable arbitration provision (the "Arbitration Provision") entered into by and between Plaintiff and WebBank when Plaintiff incurred the Debt. The Arbitration Provision, and all rights therein, were transferred from WebBank to LVNV when the Debt was acquired by LVNV. In short, the Arbitration Provision is significant to these proceedings as it contains clear language prohibiting class action lawsuits or any judicial proceedings before a jury or judge. Rather, the Arbitration Provision specifically requires all claims arising out of or related to Plaintiff's Debt, or any activities in connection with the Debt to be submitted to arbitration and resolved on an individual basis by binding arbitration under the Federal Arbitration Act §§ 1 et seq. (the "FAA") before

the American Arbitration Association ("AAA").  Timothy Brown, individually and on behalf of all others similarly situated, Plaintiff, against Dynamic Recovery Solutions, LLC & LVNV Funding, 3:20-cv-06762, *Memorandum of Law in Support of Defendant's Motion to Compel Arbitration or Alternatively to Dismiss*.

**LVNV's Inability to Participate in Arbitration**

14. However, LVNV is and has been disqualified from participating in AAA arbitrations.  Thus, it did not or could not receive a full assignment because it is precluded from asserting or utilizing American Arbitration Association arbitration program.

15. On or about May 16, 2021, the Consumer Case Filing Team notified LVNV's counsel Pressler Felt & Warshaw,

Thank you for your notice of appearance we have added your contact information to the case to receive correspondence. Please note our records do not show LVNV Funding, LLC has registered their consumer clause to become in good standings with the American Arbitration Association. On a previous case the business failed to comply or pay fees.

16. On or about April 27, 2021, LVNV's counsel Pressler, acknowledged receipt of the notice, and stated,

I am attorney for Plaintiff in the above matter.
I received a deficiency notice stating that my client, LVNV Funding LLC, has failed to comply with the AAA's policy regarding consumer claims. Can you please give me some information regarding this, as I do not understand exactly what my client has failed to do.

17. One month later, after a party had attempted to submit a matter involving LVNV to arbitration, the American Arbitration Association stated on June 22, 2021:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA"). Prior to the filing of this arbitration, LVNV Funding assignee of Citibank failed to comply with the AAA's policies regarding consumer claims. Accordingly, we must decline to administer this claim and any other claims between LVNV Funding assignee of Citibank and its consumers at this time. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration.

18. That determination was forwarded to LVNV's counsel.

On or about February 8, 2022, the American Arbitration Association states the same

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA"). Prior to the filing of this arbitration, LVNV Funding LLC failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol")... Accordingly, we must decline to administer this claim and any other claims between LVNV Funding LLC.

19. On multiple occasions, LVNV has been notified and become aware that it is not, and has not been eligible to file or participate in AAA arbitrations provided for in the Cardholder agreement.

20. Nonetheless, LVNV has freely invoked the arbitration clause to preclude class actions. It has specifically referenced arbitration clauses contained in Cardholder Agreement that involve the American Arbitration Association, for example,

I am an Authorized Representative of Defendant LVNV Funding, LLC ("LVNV")… I am also a duly authorized representative and custodian of records for LVNV and, in such capacity, I am authorized to speak on the company's behalf on matters contained in this Declaration… As part of the sale of the Account to LVNV, LVNV was provided with the Card Agreement governing Plaintiff's Account (the "Card Agreement"). A true and correct copy of the Card Agreement is attached to this Declaration as Exhibit C. The Card Agreement sets forth the terms and conditions for the Account and was mailed to Plaintiff. The Card Agreement established the terms for the Account (number ending in 4098) between Credit One and Plaintiff.

Justin Veveros, individually and on behalf of all others similarly situated, Viveros v Case 1:21-cv-11156-FDS Document 17-2 Filed 11/03/21, *Declaration of Kim Hannigan in support of Defendants Motion to Compel Arbitration*, para 3, 11

   A. In that submission, LVNV attach a copy of the cardholder agreement which specifically referenced the American Arbitration Association to govern arbitrations.

   B. In seeking dismissal of multiple class actions, LVNV did not disclose that it could not participate in AAA arbitration, and its papers state or suggest the opposite.

21. Arbitration is a substantive right, as multiple courts and others have found. Indeed in application seeking arbitration, LVNV described the right as significant. See Brown, v. Dynamic Recovery Solutions, LLC & LVNV Funding, 3:20-cv-06762, Memorandum of Law in Support of Defendant's Motion to Compel Arbitration or Alternatively to Dismiss at 7.

22. In order to have standing to assert a claim under its assignment, LVNV would need to have the ability to fully perform under the contract which includes the ability to fulfill the arbitration provision. As noted above, LVNV has repeatedly invoked that

clause as a material item and succeeded in dismissing claims under the ground that there is an arbitration clause.

23. Despite its inability to perform the assignment, LVNV continued to file claims as assignee of Citibank, WebBank and other entities which utilized the American Arbitration Association not disclosing its inability to proceed with AAA arbitration, to courts and parties.

24. If one party is unable to perform, the opposing party's failure to continue with the agreement is not considered a default under the law.  Plaintiffs and members of the class faced claims by LVNV.

   A. Default Judgments Wrongfully Obtained

25. LVNV and their agents and counsel stated that the requirements for default judgment had been satisfied and obtained multiple default judgment in New Jersey and throughout the country.

26. LVNV should have disclosed to the Court that there was a problem with the assignment in that it could not perform the arbitration provisions set forth in the Cardholder Agreement.

   B. Wrongful Conduct Not Subject to Class Action Redress

27.  LVNV has engaged in conduct violating the Fair Debt Collection Practices Act and other applicable laws or regulations.

There have multiple complaints and proposed class actions to address such unlawful conduct.  In v LVNV, the complaint set forth LVNV's nonresponsiveness when confronted with false or exaggerated debts.

28.  In ATT v. Concepcion, 563 U.S. 333 (2011), the U.S. Supreme Court allowed a class action waiver coupled with an arbitration clause favorable to consumers.  In its opinion, the Supreme Court noted the benefits of arbitration to consumers finding there that each consumer would be better off under the arbitration than as members of a class

29. However, LVNV successfully dismissed multiple class actions articulating wrongful conduct on the ground that the claims were subject to arbitration.

30. Plaintiffs and members of the class have suffered a harm or legal injury from the use of false, misleading, or deceptive communications from Defendant while they were attempting to collect a debt.  Some suffered financial injury, paying amounts for claims that LVNV had no right or lawful ability to bring.  Other suffered mental stress from garnishments, execution on assets, information subpoenas and other collection tools.

31. Defendant has engaged in violations of the Fair Debt Collection Practices Act, which various plaintiff's counsel attempt to redress by filing class actions but defendant successfully invoked the arbitration clause to prevent such redress. Many of the claims were not economically viable when filed as individual actions and defendant has been unduly enriched by being able to avoid lawful sanctions for violations of applicable law by avoiding class claims.

32. A subclass should be comprised of consumers who received default judgments which had false, misleading, or incomplete statements of the debt or LVNV's ability to bring the claim given its inability to proceed with the arbitration provided under the Cardholder agreement.

33. As noted above, defendant LVNV has been aware that it could not participate in arbitration through multiple communications over a period of over a year. It took no action and was comfortable telling courts that cases should be assigned to arbitration that it did not exist. However, it is believed that upon filing of this action in state court, because of the potential liability associated with class claims, LVNV took action to correct the ineligibility issue.

However, that would not alter its period of ineligibility and this complaint avers the doctrines of waiver, estoppel, and undue enrichment should preclude it from benefiting from arbitration that did not exist for a prolonged period.

**Count Two (Overstatement of Debt in Assigned Citibank claims**)

1. Plaintiffs repeat the allegations above.

**Citibank Interest Rate Violations**

2. A federal regulation provides that if a card issuer increases an annual percentage rate that applies to a credit card account, it must then conduct a reevaluation within six months. 12 C.F.R. § 1026.59. "A card issuer must have reasonable written policies and procedures in place to conduct the review described in paragraph (a) of this section." 12 C.F.R. § 1026.59 (b).

3. However material indicates Citibank violated this rule with a large number of its customers. The Consumer Financial Standards Board conducted an investigation of Citibank's practices and found multiple violations. See In the Matter of Citibank, N.A. File No. 2018-BCFP- 0003.

4. Citibank failed to properly implement section 1026.59 annual percentage rate reevaluation requirements and other regulations.

5. The existence of the violation means that the interest rate and other charges on many accounts were incorrect or overstated. Claims based on the card stated balance would be incorrect.

6. LVNV and its counsel were aware or should have known that the account had overstatements.

7. However, it and his counsel asserted the full amount and failed to disclose the interest rate issue in the following

- Correspondence and communications to the proposed subclass,
- The complaint, pleadings and applications for summary judgment and other relief,
- Default judgments.

8. In a prior class action, substantial evidence was presented that LVNV inaccurately or overstated amounts due on various accounts. In re LVNV Funding LLC Fair Debt Practices Act Litigation, Case No. 2:16-cv-01117 (D.N.J.)

9. The overstatement of the claim in such communications violated the Fair Debt Collection Practices Act (FDCPA).

10. According to pleadings filed by or on behalf of Defendant LVNV, Plaintiff and members of the class incurred an alleged debt for the purchase of goods and services, originally on a Citibank consumer credit account.

11. The alleged debt arose from purchases intended and used for personal purposes, and is thus a "debt" as that term is defined at § 1692a (5) of the FDCPA.

12. The FDCPA prohibits the use of false or deceptive means to collect a debt. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . (2) The false representation of—
> (A) The character, amount, or legal status of any debt

13. The overstatement of the claim through various pleadings including default judgments violates the FDCPA.

14. In these assigned claims, the consumer defendants would have defenses under the Truth in Lending statute and regulations, as well as other law, along with affirmative claims. However such claims could not be handled in arbitration contrary to the cardholder agreement.

[9]

**Count Three (Inability to proceed with arbitration, terms)**

1. Plaintiffs repeat the allegations contained above.

2. As noted, LVNV has successfully eliminated multiple class actions by asserting that the claims are subject to arbitration.

3. A class action is a process of aggregating a group of claims, generally smaller ones that cannot be individually litigated.   Class treatment is particularly appropriate where it allows large groups of claimants to bundle into a single action common claims that are too small to pursue individually.   Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615, 617, (1997) cited in New Jersey Carpenters Health Fund v. Residential Capital, LLC, 272 F.R.D. 160, 170 (S.D.N.Y. 2011).   Class treatment is particularly appropriate where it allows large groups of claimants to bundle into a single action common claims that are too small to pursue individually.

4. In ATT v. Concepcion, 563 U.S. 333 (2011), the U.S. Supreme Court allowed a class action waiver coupled with an arbitration clause favorable to consumers.  In its opinion, the Supreme Court noted the benefits of arbitration to consumers finding there that each consumer would be better off under the arbitration than as members of a class.

5. However, in claims involving Credit One and other entities, LVNV has asserted that the terms of the agreement preclude handling of smaller claims subject to handling in small claims court.  LVNV's counsel has sought to preclude evaluation by the American Arbitration Association arguing that the claims are eligible for handling in a small claims courts and ineligible for arbitration.

6.  LVNV through its counsel initiated a claim in Superior Court of New Jersey, Hudson County Special Civil Part, Docket No. 1352-22.  On or about March 16, 2022, defendant confirmed that it wished to have the claim handled through arbitration pursuant to the Cardholder Agreement.

> "I represent defendant. The plaintiff's claim in this matter is subject to arbitration and kindly accept this letter as our demand for such arbitration as provided in the Cardholder Agreement. We request that you promptly cease any collection efforts in court, so the matter may be arbitrated."

> However, consistent with its prior conduct, LVNV refused to arbitrate.  On or about March 17, 2022, in a matter involving plaintiff Turner, LVNV counsel wrote,

> "The claim is subject to transfer to the small claims section, so you can either a) permit the matter to proceed in Special Civil, b) enter into a consent order to

effectuate transfer to the small claims section, or c) file a motion to dismiss for arbitration, which would we then oppose by requesting transferal to the small claims section."

6. LVNV had filed the matter in the Special Civil Part, yet when plaintiff sought arbitration, it advised him that it would seek to transfer the matter.

7. However, LVNV took the opposite position when it sought to dismiss a putative class action and transfer the matter to arbitration In Viveiros v. Resurgent Capital Service, L.P and LVNV Funding, LLC Civil Action No. 21-cv-11156-FDS, LVNV argued that the matter should be transferred to arbitration.

8. LVNV made assertions which presumed the availability of arbitration if the motion to transfer the matter to the arbitral forum were granted. LVNV states, "Section 4 of the FAA provides that a party may obtain an order compelling arbitration "in the manner provided for [in the parties'] agreement." Viveiros v. and LVNV Funding, et. al., Brief in Support of Motion to Compel Arbitration at 19.

9. The brief continued,

> "Consistent with this Supreme Court authority, federal courts throughout the country, including this Court, routinely compel arbitration of claims arising from Credit One card agreements on an individual based class action waiver language virtually identical to that in the Arbitration Provision. See Oyola, 295 F. Supp. 3d at 19 (compelling arbitration and striking class claims based on virtually identical class action waiver language in Credit One card agreement); see also, e.g., Parker, 2019 WL 4643745 at *2 (compelling arbitration and dismissing class claims based on identical class action waiver in Credit On card Agreement); Jones 2020 WL 6255475 at *4 (compelling arbitration on individual basis based on identical class action waiver in Credit One card agreement); Valentine, 2020 WL 5946975 at *5 (same)."

10. However, it did not inform the Court that LVNV was administratively ineligible to proceed with arbitration under the provisions of the American Arbitration Association. Thus, claims could not be compelled on an individual basis.

11. In its brief in Viveiros, LVNV added,

> Interpreting similar language in a credit card agreement, a federal court in New York recently held that FDCPA claims against Resurgent were subject to arbitration because Resurgent is an affiliate of LVNV. In Fontaine v. Resurgent Cap. Servs.,

L.P., the plaintiff filed a complaint against LVNV and Resurgent, asserting claims under the FDCPA that they engaged in improper collection activities against him and others similarly situated. 2021 WL 2002526, at *1 (W.D.N.Y. May 19, 2021). LVNV and Resurgent moved to compel arbitration based on language in the arbitration agreement requiring arbitration of any claim relating to the plaintiff's account brought against an "affiliate" of the holder of the debt. Id., at *6. Because the arbitration agreement encompassed claims against the holder of the debt and its affiliates, the court issued an order compelling arbitration of all of the claims against LVNV and Resurgent.  LVNV Viveiros brief at 15.

12.  LVNV has resisted arbitration even after it purported to correct its ineligibility with the AAA, filing multiple papers stating that claims were not eligible for arbitration.  Again, it tells courts where plaintiffs seek class action treatment that the claims should be handled through arbitration, but tells the consumers who seek arbitration of reasons why such arbitration does not exist.   It has taken multiple steps to prevent arbitration including not paying filing fees, not fulfilling registration requirements, filing or threatening to file motions to move claims and other action.

13. By doing this, it secured the benefits of the class action waiver, but failed to provide its benefits to numerous persons.

14. The Court should permit class actions for claims subject to small claims handling since the Supreme Court only permitted a class action waiver where arbitration was permitted.   Indeed the Supreme Court in ATT v. Concepcion said the arbitral remedy would be preferable for most consumers but here it is unavailable.  As one remedy, plaintiffs would seek confirmation that plaintiffs may file class actions for conduct during the period in which arbitration was unavailable.

**Count Four (Equitable or Common Law Fraud)**

1. Plaintiffs repeat the allegations contained above.

2. The false or misleading statements above constitute legal or equitable fraud. Specifically, LVNV or its agent made false or misleading statements about the availability of arbitration to secure dismissal of putative class actions or compel advantageous settlements.

3. The false or misleading statements to the Courts concerning arbitration constituted legal or equitable fraud which caused damages.  Courts have found a duty to disclose may arise when a party makes a partial or ambiguous statement that requires additional disclosure to avoid misleading the other party.  Added disclosure was required to inform the court and adverse counsel that the proposed arbitration did not exist.

4.  To the extent that any putative class claims were wrongfully dismissed, such claims should be allowed to proceed in either in this or other venue, or permit the class relief.

[12]

5. LVNV also propounded numerous default applications to secure judgment. In such applications, LVNV falsely or misleadingly said or indicated it had secured a full assignment of the rights and obligations of the card holder agreement.

6. As noted, with respect to many of those default applications, LVNV was unable to arbitrate the matter, with the availability of arbitration a central feature of the cardholder agreement. That was not disclosed. Parties should be entitled to compensation based upon the wrongfully obtained defaults.

7. Punitive damages should be imposed under the New Jersey Punitive Damages Statute, 2A:15-5.9, et. seq. The conduct reflected multiple acts of deception and wrongdoing over a prolonged period with multiple deliberate and wrongful acts. Aggravating facts are present under the statute, in that defendant has been aware of its wrongful conduct, the damage it would cause and has concealed and continued same. N.J. Stat. § 2A:15-5.12

**Count Five (Consumer Fraud and Deceptive Practices)**

1. Plaintiff repeats the allegations contained in the paragraphs above.

2. The Class Action is a useful tool for aggregating claims, deterring deceptive practices, and vindicating rights. The Supreme Court has allowed a class action waiver where a valid arbitration forum exists.

3. As noted above, that is not the case here and the arbitral mechanism is illusory in many LVNV cases.

4. The class action waiver should be deemed invalid and the use of such a waiver an unconscionable and deceptive practice violating New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-2 and corresponding statutes in other states.

**Count Six (Waiver, Unjust Enrichment, Estoppel)**

1. Plaintiffs repeat the allegations contained in the paragraphs above. Plaintiffs repeat the allegations contained in the paragraphs above.

2. Waiver is a knowing relinquishment of a right**.** LVNV purports to have cured its problem with AAA. However, it did so only after it received the class action. Prior to that, LVNV was fully aware from multiple emails, letters, and other communications of its ineligibility for arbitration and sought to preserve the benefits of the class action waiver without providing for arbitration. As such it has permanently waived its right to arbitration. Alternatively it has waived its right for arbitration for conduct during the period of its ineligibility.

3. Principle of equitable estoppel applies to agreement to arbitrate. "It is a theory

[13]

"designed to prevent injustice by not permitting a party to repudiate a course of action on which another has relied to his detriment."" Hirsch v. Amper Financial Services, LLC, 215 N.J. 174, 179-80 (2013).  Here, parties and their counsel have been deterred from filing class actions because of the false belief that class claims were prohibited, and indeed LVNV has filed multiple motions to compel arbitrations which did not exist.

4.   Defendant LVNV has secured an unfair advantage as a result of its conduct and should be required to disgorge such benefits to the class and victims.

### (Suitability of Class Action)

1. A class action will be a superior method of handling these claims.

2. The proposed class is composed of U.S. residents in the following subclasses:

   A. Persons who suffered injury as a result of unlawful conduct by LVNV during the period of their ineligibility for arbitration,

   B. U.S. persons who faced judgments in Citibank claims assigned to LVNV where interest rate adjustments would have lowered the amount due.

   C. Persons subject to default judgment where deficiency in the assignment was not disclosed, particularly LVNV's inability to proceed with arbitration provided in the cardholder agreement.

   D. Other classes as the Court deems appropriate.

3. Additional subclasses or categories of recovery may be requested based upon the nature and extent of costs, damages, and inconvenience suffered by class members.

4. Class action treatment will reduce the costs incurred by each plaintiff, the amount expended for counsel fees, the burden on the courts, and the time spent by witnesses and litigants.

5. Given the various factual and legal issues and need for review, some claims would not be able to be filed and plaintiffs compensated without the class action vehicle.

### A. Adequate Representation

1. Plaintiffs will fairly and protect the interests of the members of the class and have no interests antagonistic to those of the Class.

2. Plaintiffs' counsel has over 20 years' experience in consumer litigation. New Jersey counsel has handled the defense of over 500 consumer collection claims, and multiple other matters involving the Truth in Lending statute and other applicable law.  To the extent needed or required, additional counsel may be obtained.

### B. Common Factual and Legal Issues

1. The action is appropriate for certification because questions of law and fact common to the members of the class predominate over questions affecting only individual members.

### C. General Superiority of Class Action

1. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joiner of all members of the class is impracticable. Should individual class members be required to bring separate actions, this court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands judgment against Defendant for

1. compensatory damages, punitive damages, interest, attorney's fees, and costs,

2. Notice to all affected consumers that they may have a right to vacate any default judgment, or compensation for claims improperly brought or settled.

3. Other legal or equitable relief as this court may deem just.

## **CERTIFICATION**

I certify that the matter in controversy was the subject of other matters involving the individual plaintiffs in state court.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Dated: April 11, 2022                                *Howard Gutman*

                                                                   _____
                                                                   Howard A. Gutman
                                                                   Attorney for Plaintiffs